UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

In re:                                                    )
                                                          )
UNITED STATES and STATE OF NEW YORK       )
ex rel. XIOMARY ORTIZ and JOSEPH          )
GASTON, *plaintiffs,* v. MOUNT SINAI      )          Case:  16ms_____
HOSPITAL, MOUNT SINAI SCHOOL OF           )
MEDICINE, AND MOUNT SINAI                 )
RADIOLOGY ASSOCIATES, *Defendants*        )
(S.D.N.Y. no. 13 CV 4735-RMB-BCM          )
_____   )

## STATEMENT OF FACTS
## AND
## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## PLAINTIFFS' MOTION FOR AN ORDER TO COMPEL, OR ALTERNATIVELY,
## TO TRANSFER THE MOTION TO THE SOUTHERN DISTRICT OF NEW YORK

This is a qui tam action by Xiomary Ortiz and Joseph Gaston ("plaintiffs" or "relators")

against Mount Sinai Hospital and its affiliates ("defendants" or "Mount Sinai") alleging

generally that Mount Sinai regularly and systematically defrauded the Medicare and Medicaid

Programs in violation of the federal and NY False Claims Acts ("FCAs").  Specifically, *in*

*United States and State of New York ex rel. Ortiz and Gaston v. Mount Sinai Hospital, et al.*

(S.D.N.Y. no. 13-CV-4735-RMB-BCM) (the "New York action"), Relators allege in the

operative First Amended Complaint that Defendants billed or caused others to bill the

government insurance programs for outpatient radiology services in the names of physicians

who (a) either did not refer or provide the services, and/or (b) billed for services that had not

been provided or had already been billed once before.  Relators further allege that this conduct

was pervasive and went on over a number of years.

The Plaintiffs have issued the attached subpoenas, dated February 23, 2016 to the

United States Department of Health and Human Services, Centers for Medicare and Medicaid

Services ("CMS") calling for the production of certain Medicare claims data (the "claims data")

(exhibits A-B).  CMS has no objection, whether procedural, logistical, or on grounds of

burdensomeness or otherwise, to producing the claims data, and CMS has claims data available

and ready to be produced.  CMS does, however, require the entry of a protective order pursuant

to the Privacy Act, 5 U.S.C. § 552a et seq., and an order to compel addressed to CMS.  Counsel

for CMS has provided and approved the form of both orders and has consented to their being

entered.  The Magistrate, Judge Barbara C. Moses, presiding over pretrial matters in the New

York Action, has entered the requested Privacy Act protective order (without objection by the

Defendants),[1] but Judge Moses declined on jurisdictional grounds to issue the requested order

to compel, necessitating that the Plaintiffs proceed in this Court.

Rule 45(f) provides:

> Transferring a Subpoena-Related Motion. When the court where compliance is
> required did not issue the subpoena, it may transfer a motion under this rule to
> the issuing court if the person subject to the subpoena consents or if the court
> finds exceptional circumstances. Then, if the attorney for a person subject to a
> subpoena is authorized to practice in the court where the motion was made, the
> attorney may file papers and appear on the motion as an officer of the issuing
> court. To enforce its order, the issuing court may transfer the order to the court
> where the motion was made.

Fed. R. Civ. P. 45(f) (as amended 2013).  Counsel for CMS has consented pursuant to Rule

45(f) to transferring the motion to compel to Judge Moses.

The Relators therefore request that the Court enter the order to compel, or alternatively,

that the Court transfer to Judge Moses the motion to compel.  If this Court grants the motion to

compel, inasmuch as the Defendants have filed objections with Judge Moses to the February

---

[1]     The Privacy Act protective order entered by Judge Moses by its terms relates to the
claims data subpoena issued by the Relators to CMS dated November 27, 2015 That subpoena
and a second claims data subpoena, issued February 2, 2015 were returnable at Plaintiffs'
counsel's office in New York City.  To address Judge Moses' jurisdictional concerns, the
Plaintiffs issued the February 23 subpoenas designating Washington, D.C. as the place where
the claims data is to be produced.  Plaintiffs will request of Judge Moses that she issue a revised
Privacy Act order relating to the February 23 subpoenas.

23, 2016 subpoenas (as they did with respect to the previously issued subpoenas), the Relators

will not seek compliance by CMS until and unless Judge Moses overrules the Defendants'

objections to the subpoenas.

Judge Moses has indicated she will rule on the Defendants' objections on March 7,

2016.  The Plaintiffs therefore respectfully request, pursuant to Local Rule 7(b), that the Court

entertain the instant motion on an expedited basis.

<div style="margin-left:40%">

Respectfully submitted,
WU, GROHOVSKY & WHIPPLE PLC
Julie Grohovsky

Julie Grohovsky, #412566
1300 Pennsylvania Ave., N.W., Suite 700
Washington, D.C.  20004
(202) 204-3053
Email:  jgrohovsky@dcwhitecollar.com
*Attorneys for plaintiffs Ortiz and Gaston*

Timothy J. McInnis
Richard F. Bernstein
McINNIS LAW
521 Fifth Ave., 17th Floor
New York, N.Y. 10175
(212) 292-4583
Email:  tmcinnis@mcinnis-law.com
rbernstein@mcinnis-law.com
*Attorneys for plaintiffs Ortiz and Gaston in*
*the New York Action (not admitted in D.C.)*

</div>